IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| ADAMA NJIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-cv-795-RJD |
| v. | ) | |
| | ) | |
| ROB JEFFREYS, ANTHONY WILLS, | ) | |
| JUSTIN HECHT, JOSHUA SCHOENBECK, | ) | |
| ANTHONY JONES, SANDY WALKER, | ) | |
| YVETTE BAKER, JESSICA N. HUFFMAN, | ) | |
| and JUSTIN M. FRAZER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. Docs. 1, 9. He alleges that Defendants violated his Fourteenth Amendment due process rights at Menard Correctional Center by finding him guilty of drug possession based on a false disciplinary ticket. Doc. 9, p. 7. This matter comes before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Baker, Jeffrey, and Wills. Doc. 54. Plaintiff filed a Response (Doc. 56) and Defendants filed a Reply (Doc. 57). As explained further, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

**Allegations in Plaintiff's Amended Complaint**

Plaintiff alleges that on August 17, 2021, he was handcuffed and held in the chapel during a tactical shakedown of his cell house. Doc. 9, p. 5. Later that day, he was taken to the

segregation unit at Menard and placed in a filthy, rodent and insect infested cell with no mattress, hygiene items, personal property, or cleaning supplies.  *Id*.  Defendant Hecht fabricated a written disciplinary report that contained statements by Defendants Huffman and Frazer claiming they found synthetic cannabinoids in Plaintiff's family photos; Defendants Huffman and Frazer knew that the test they were using indicated false positive results 80% of the time.  *Id*., p. 6.  A few days later, Plaintiff was moved to another cell in segregation with even worse conditions.  *Id*.  On August 24, 2021 the Adjustment Committee (Defendants Wills, Schoenbeck, Jones, and Walker) held a disciplinary hearing and found Plaintiff guilty of possession.  *Id*., pp. 6-8, 12.  He was sentenced to six months in segregation and given a pink tag designation, which meant he could not shower for eight days or attend yard for 30 days.  *Id*., p. 8.  One month later, Menard received lab results that reported "no scheduled substance [was] found" on Plaintiff's property.  *Id*., p. 9.

Plaintiff submitted a grievance regarding these events that Defendant Baker reviewed on October 8, 2021.  *Id*.  Defendant Baker recommended that the grievance be denied and Defendant Wills (the Warden) concurred.  *Id*., p. 11.  Plaintiff also wrote letters to Defendant Jeffreys (Director of the IDOC).  *Id*.

## Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).  An inmate in the custody of the Illinois Department of Corrections

must first submit a written grievance within 60 days after the discovery of the incident or problem 20 ILL. ADMIN. CODE § 504.810(a). A grievance involving discipline is first reviewed by the prison's grievance officer.[1] *Id*. The grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the inmate does not know the name of the person(s) involved, he should provide "as much descriptive information about the individual[s} as possible." *Id*. If more than sixty days has passed since the discovery of the incident or problem, the grievance will still be considered if the inmate can demonstrate good cause for the lapse of time. *Id*. §504.810(a).

The grievance officer must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

### Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-*

---

[1] Grievances involving issues other than discipline and sexual abuse are first reviewed by a counselor at the prison. 20 ILL. ADMIN. CODE § 504.810(a).

*Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### Plaintiff's grievance records

Plaintiff submitted two grievances at Menard regarding the events alleged in his Amended Complaint. Doc. 54-1. On September 20, 2021 Plaintiff submitted grievance #198-9-21 regarding the disciplinary ticket, adjustment committee hearing, and punishment in segregation. *Id.*, pp. 16-18. Defendant Baker recommended that the grievance be denied and Defendant Wills concurred on October 13, 2021. *Id.*, p. 14. Plaintiff appealed Defendant Wills' decision to the ARB; the ARB denied the appeal and Defendant Jeffreys concurred. *Id.*, p. 13. Plaintiff also wrote a letter to Defendant Jeffreys. *Id.*, pp. 29-30.

On April 28, 2022, Plaintiff submitted grievance #341-4-22 regarding the disciplinary report, hearing, and punishment. *Id.*, pp. 9-10. Plaintiff wrote the following narrative in the grievance:

> Please take notice that on March 23, 2022 Internal Affairs Correctional Officer Ms. Hoffman and her male coworker came to this grievant Adama Njie #R11748 then assigned cell east cell house cell #9-09 and gave me back my 9 paper photos that they alleged tested positive for a synthetic cannabinoids on August 17, 2021 during a tactical shakedown in the West cellhouse cell #10-24. However, Correctional Officer Hoffman said that my 9 paper photos were sent to the Illinois State Police Crime lab and the results of this said test came back NEGATIVE. Mind you all this happen[ed] after I did the six months segregation time. My aggression level was raised from a 2 low to a 12 high, this prison took six months state

> pay from me, and this grievant was submitted for a transfer to Danville Correctional Center. This grievant did not violate any institutional rules to be placed in punitive segregation for six months, lost all of privileges, my link units that w[ere] activated on my account in my tablet I did not use while I was in punitive segregation. This institution have prove despite no final finding of wrongdoing on this grievant part this bogus 203 disciplinary report is still on my disciplinary record. I request that this bogus disciplinary report be deleted from my disciplinary record to give me back my six months state pay and be transfer to Danville Correctional Center immediately. To put back my aggression level to where it was before I was placed in punitive segregation.

Defendant Baker recommended that the grievance be denied and Defendant Wills concurred on May 25, 2022. *Id*., p. 9. Plaintiff appealed the denial and also sent Defendant Jeffreys a letter regarding the ticket and hearing. *Id*., pp. 8, 12. A representative of the ARB returned the grievance, finding that all issues had already been addressed in the ARB's decision on Plaintiff's appeal of grievance #198-9-21. *Id*., p. 8.

### *Pavey* Hearing

In his Response to Defendants' Motion for Summary Judgment, Plaintiff claimed that the the ARB's log of inmate grievances (the "I-GRV") was not a reliable, exhaustive list of all grievances submitted to the ARB. Therefore, the Court held an evidentiary hearing on the "debatable factual issue" of whether Plaintiff attempted to submit grievances that were subsequently lost or ignored by the ARB. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Defendants called ARB representative Travis Bayler who testified that every grievance submitted by an inmate to the ARB-even those that are returned without a decision on the merits-is identified on the I-GRV. Regardless, Plaintiff testified that he did not submit any grievances pertaining to the allegations in this case other than grievance nos. #198-9-21 and #341-4-22. When asked by defense counsel whether those grievances identified or described Defendants Wills, Baker, and

Jeffreys, Plaintiff testified that Defendants Baker, Wills, and Jeffreys responded to the grievance.

## Discussion

Before filing suit against Defendants Baker, Wills, and Jeffreys, Plaintiff was required to give "notice of, and an opportunity to correct" his allegations that they violated his due process rights. *See Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020) (*quoting Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)). As a preliminary matter, the Court notes that although Defendant Wills claims that "the only relation to Plaintiff's complaints or actions by Defendant[] Wills w[as] that [he] took part in the grievance process" (Doc. 54, p. 3), the record reflects otherwise. Plaintiff alleges in the First Amended Complaint that Defendant Wills was part of the Adjustment Committee and approved the recommended discipline levied against Plaintiff as a result of the Adjustment Committee Hearing. Doc. 9, pp. 8, 12. Plaintiff's grievance records reflect that Defendant Wills signed the final report of the Adjustment Committee, and Defendants included that report as part of the records submitted by Plaintiff to the ARB. Doc. 54-1, p. 21. Accordingly, Defendants did not meet their burden in establishing that Plaintiff failed to exhaust his administrative remedies against Defendant Wills.

However, Plaintiff never submitted a grievance that identified any of his allegations against Baker and Jeffreys in this case-namely, that they denied him due process in their review of his grievances. Neither grievance no. 198-9-21 nor grievance no. 341-4-22 identified any action or inaction by Defendants Jeffreys and Baker. Simply because Defendants Baker and Jeffreys *responded* to Plaintiff's grievances does not mean that he *exhausted* his claim against them.

Defendants' Motion for Summary Judgment is therefore GRANTED IN PART AND DENIED IN PART. Summary judgment is granted in favor of Defendants Baker and Jeffreys and denied as to Defendant Wills. Plaintiff's claims against Defendants Baker and Jeffreys are

DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: July 11, 2025**

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**